N. E. 710, 2 Am. St. Rep. 462; Matter of Davis, 105 App. Div. 221, 93 N. Y. Supp. 1004. The will itself is to be burnt, torn, canceled, obliterated, or destroyed, not with the intent or purpose of "altering," but, as the statute says, "with the intent and for the purpose of revoking the same." Lovell v. Quitman, supra; Smith v. Wait, 4 Barb. 28; Matter of Forman, 54 Barb. 276.

There was no intent on the part of the testatrix to revoke or destroy the will executed on December 23, 1904. The attempt to change the will was like an unsuccessful attempt to make a codicil to the will. The original will is rendered invalid by failure to have the codicil properly executed. There was not a sufficient republication of the will after the erasures, alterations, and interlineations had been made. Where a will is altered, after execution, by interlineation or erasure, if the original language can be ascertained, the original will may be admitted to probate, and its provisions carried out in disregard of the alteration. Matter of Wilcox Will (Sur.) 20 N. Y. Supp. 131. In Redfield on Wills, p. 315, § 22, it is said:

"Where the testator makes an alteration in his will by erasure or interlineation, or in any other mode, without authenticating such alteration by new attestation, in the presence of witnesses or other form required by the statute, it being presumed that the erasure was intended to be dependent upon the alteration going into effect as a substitute, such alteration not being so made as to take effect, the will stands, in legal force, the same as it did before, so far as it is legible, after the attempted alteration."

In Schouler, Wills, §§ 432, 434, the rule is stated as follows:

"Where a will is informally altered by a testator, * * * the legal effect is not to make the will void, but to establish it in probate as it stood before the change was made. * * * If there is not sufficient attestation of the will as altered, the alteration cannot take effect, but the will stands as before."

I conclude, therefore, that the will must be admitted to probate and regarded as it was before the erasures, alterations, and marginal note before mentioned were made; and a decree may be entered in accordance with this opinion.

Decreed accordingly.

---

(60 Misc. Rep. 272.)

## In re BARTSCH.

(Surrogate's Court, Kings County. July, 1908.)

GUARDIAN AND WARD (§ 50*)—POWERS OF GUARDIAN—BORROWING MONEY—ORDER OF COURT.

Where a guardian has obtained an order authorizing him to borrow money on a life insurance policy, it will not be vacated for the purpose of granting another order to the same effect, but giving in addition authority to the insurance company to cancel the policy on default in payment of a loan and to apply the surrender value to the loan and interest.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 228; Dec. Dig. § 50.*]

In the matter of the guardianship of William Bartsch. Application of guardian to vacate order authorizing him to borrow money denied.

Abraham Lehman, for petitioner.

KETCHAM, S. The surrogate's power to authorize the guardian to borrow upon the life insurance policy is doubtful; but, the order having been made in that respect, it is now sought to vacate the same, so that another order may be made, containing not only the same authority to the guardian, but, in addition, authority to the insurance company to cancel the policy in the event of default in the payment of the loan and to apply the cash surrender value under such cancellation to said loan and interest. However uncertain may be the jurisdiction of the court with respect to the instruction to the guardian, it is unquestionably clear that the permission or direction to the insurance company would be void and absurd.

The original order will not be disturbed.